**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| TOMMY LEE JOHNSON, JR, | ) | CIVIL NO. 4-05-CV-527-RP-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| RYAN ARMSTRONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 22, 2006 (Clerk's No. 43), consistent with a scheduling conference held on December 21, 2006, the undersigned magistrate judge ordered a hearing on January 18, 2007, at the United States Courthouse, Des Moines, Iowa, in order to consider pending discovery issues, including motions to compel discovery. In the order setting that hearing, the Court ordered plaintiff to appear in person.

Also consistent with the order scheduling the hearing, defendants filed a Motion to Compel Discovery on January 2, 2007 (Clerk's No. 44).

On January 18, 2007, plaintiff's attorney, Patrick E. Ingram, appeared in person. Plaintiff did not appear. Defendants were present by Steven C. Lussier, Assistant Des Moines City Attorney.

The Court had been advised during the scheduling conference on December 21, 2006 that plaintiff had not responded to correspondence sent by his attorneys, seeking contact from him. During the hearing on January 18, 2007, the Court was again advised that plaintiff's counsel was unable to locate him, even though they were aware that he had been arrested by Des Moines police subsequent to his release from the incarceration, which is the subject of this litigation, and that his current criminal lawyer in Des Moines, Iowa was also unable to make contact with plaintiff.

One of the reasons that the Court ordered plaintiff to appear at the hearing on January 18, 2007 was to allow an avenue of communication between him and his attorneys. It would also have been an opportunity for the Court to determine first-hand plaintiff's interest and intent in continuing this litigation.

The motion to compel filed by defendants seeks to have plaintiff answer Interrogatories, and respond to Request for Production of Documents, all served upon him on December 30, 2005.

Plaintiff was deposed by defendants on March 29, 2006.

Plaintiff's attorney argues that because the defendants have deposed plaintiff, they really do not need any information that would likely be disclosed in answers to Interrogatories, or contained in documents responsive to the Requests for Production. Defendants disagree. They argue that there is a substantial amount of additional information they need to have regarding plaintiff's medical treatment that would have bearing on his allegations of physical injury as a result of actions allegedly taken by defendants in this case.

The Court agrees that defendants are entitled to have sworn answers to Interrogatories and responses to the Request for Production of Documents served pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34. While the Court understands plaintiff's counsel's arguments regarding the value of the deposition of plaintiff, the fact that a deposition was taken does not in any way preclude or foreclose defendants from serving written discovery.

During the hearing on January 18, 2007, the undersigned magistrate judge noted to counsel for plaintiff and defendants that the real issue in this case is whether plaintiff is interested

in prosecuting this case. His action over the last ten months would tend to establish that this pending lawsuit is among the least of plaintiff's interests.

Simply ordering plaintiff now to answer Interrogatories and respond to the Request for Production of Documents within a defined period of time is essentially worthless. Since neither plaintiff's attorney in this case, nor the attorney representing him in the pending criminal matter in Polk County, Iowa can make contact with plaintiff, any deadline imposed upon the plaintiff for responding to discovery would be of little or no value.

Therefore, the Court believes based upon the record before it that this case should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff's lack of contact with counsel, and his apparent refusal to provide information for answers to Interrogatories, or documents responsive to the Requests for Production, establishes to the undersigned magistrate judge that plaintiff has in fact abandoned this case. This is buttressed even more by the fact that he is apparently also ignoring his responsibilities and duties in the pending criminal case in Polk County, Iowa.

The undersigned magistrate judge, therefore, recommends that this case be dismissed with prejudice pursuant to Rule 41(b). Because of the nature of this litigation, and the problems encountered by plaintiff's attorney in this case, the Court will allow a longer period of time in which to file any objections to this Report and Recommendation, so that plaintiff's attorneys can have a reasonable period of time to continue their attempts to locate and communicate with plaintiff.

The parties have to and including April 5, 2007, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson

v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date: February 6, 2007

**THOMAS J. SHIELDS**
**CHIEF U.S. MAGISTRATE JUDGE**